# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DOREEN ANGELUCCI,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 26-cv-00563-BAS-GC

**ORDER:**

 **(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 8); AND**

 **(2) GRANTING RESPONDENT'S MOTION TO SUMMARILY DENY PETITION TO QUASH AND ENFORCE IRS SUMMONS (ECF Nos. 1, 5)**

For the reasons below, this Court **ADOPTS IN ITS ENTIRETY** the R&R.  (ECF No. 8.)  The Court **DENIES** Petitioner's Petition to Quash IRS Summons.  (ECF No. 1.)  Additionally, the Court **GRANTS** Respondent's Motion to Summarily Deny the Petition to Quash and Enforce the IRS Summons.  (ECF No. 5.)

**I.    BACKGROUND**

- 1 -

26cv563

On January 28, 2026, Doreen Angelucci ("Petitioner") filed a Petition to Quash Internal Revenue Service ("IRS") Summons.  (ECF No. 1.)  On March 6, 2026, the United States ("Respondent") filed a Notice of Motion and Motion to Summarily Deny Petition to Quash and Enforce IRS Summons and a Memorandum of Points and Authorities in Support of Its Motion.  (ECF Nos. 5, 5-1.)  On March 20, 2026, Petitioner filed a reply.  (ECF No. 6.)  On March 27, 2026, Respondent filed a Supplemental Document to United States' Memorandum of Points and Authorities in Support of Its Motion to Summarily Deny Petition to Quash and Enforce IRS Summons.  (ECF No. 7.)

On April 3, 2026, Magistrate Judge Barbara Lynn Major issued a Report & Recommendation ("R&R") on Respondent's Notice of Motion and Motion to Summarily Deny Petition to Quash and Enforce IRS Summons and a Memorandum of Points and Authorities in Support of Its Motion.  (ECF No. 8.)  On April 17, 2026, Petitioner filed an Objection to the R&R.  On April 29, 2026, Respondent filed a reply to Petitioner's Objection.  (ECF No. 11.)

## II.    RESPONDENT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 10)

District judges review *de novo* those portions of the R & R to which objections are made.  28 U.S.C. § 636(b)(1).  They may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).

Objections must be written and specific.  *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. In the absence of specific objection, the clear

26cv563

weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196 (9th Cir. 1974)).

Here, Petitioner objects to the R&R on two grounds.

*First*, Petitioner contends that IRS Revenue Officer Joseph A. Unger violated 26 U.S.C. § 6304(a)(2) by personally serving an attested copy of the summons by hand to Angelucci and thus the United States failed to meet the administrative prong of the Powell test. (ECF No. 10 at 4–6.)  However, Petitioner's objection faces the same flaws that the R&R discussed in denying Petitioner's motion to quash on the same grounds—that "Petitioner has provided no case law or other legal authority supporting her argument that a 26 U.S.C. § 6304(a)(2) violation negates the fourth requirement under Powell that the IRS has adhered to the administrative procedures for issuing and serving the summons." (*See* ECF No. 8 at 9:5–13:15.)

*Second*, Petitioner asserts that Judge Major erred in determining that 26 U.S.C. § 7433 precludes denying the enforcement of the summons—reasoning that serving a summons or talking to Angelucci during the summons constitutes a prohibited "communication" within 26 U.S.C. § 6304(a)(2) and establishes a basis to deny enforcement of summons. (*See* ECF No. 10 at 2, 3, 6–7.)  However, for the reason discussed in the R&R, even assuming that acts taking place during the service of a summons constitute a "communication" within section 6304(a)(2), that does not preclude the enforcement of the summons. (ECF No. 8 at 12:9–13:6 ("[E]ven if there was a violation, and Petitioner has not established that there was, the violation could not be remedied by denying the enforcement of an otherwise valid summons.")).

## IV.   CONCLUSION

For the reasons above, this Court **ADOPTS IN ITS ENTIRETY** the R&R. (ECF No. 8.)  The Court **DENIES** Petitioner's Petition to Quash IRS Summons. (ECF No. 1.) Additionally, the Court **GRANTS** Respondent's Motion to Summarily Deny the Petition

26cv563

to Quash and Enforce the IRS Summons.  (ECF No. 5.)  The Clerk of Court is further **DIRECTED TO CLOSE** the case.

      **IT IS SO ORDERED.**

**DATED: April 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv563